gUNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FITZGERALD MOTORS, INC., d/b/a**
**Fitzgerald's Countryside Chrysler Jeep,**

    **Plaintiff,**
v.                                               **Case No.: 8:19-cv-2661-T-35AAS**

**FCA US LLC,**

    **Defendant.**
_____/

## ORDER

FCA US LLC (FCA) moves for a stay of discovery pending the court's ruling on its motion for judgment on the pleadings (doc. 28). (Docs. 31). Fitzgerald Motors, Inc., d/b/a Fitzgerald's Countryside Chrysler Jeep (Fitzgerald) opposes the motion. (Doc. 31).

District courts have inherent power to control their dockets and manage their cases. *Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscaping Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). This inherent power includes the discretion to stay the proceedings. *Andersons, Inc. v. Enviro Granulation, LLC*, Case No. 8:13-cv-3004-T-33MAP, 2014 WL 4059886 at * 2 (M.D. Fla. Aug. 14, 2014).

Courts in this district have held that "[m]otions to [s]tay discovery may be granted pursuant to Rule 26(c), Fed. R. Civ. P., and the moving party bears the burden of showing good cause and reasonableness." *Feldman v. Flood*, 176 F.R.D.

1

651, 652 (M.D. Fla. 1997) (citations omitted). The Middle District Handbook on Civil Discovery Practice states:

> Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. *Such motions for stay are rarely granted.* However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden.

Middle District Discovery (2015) at § I.E.4 (emphasis added). In deciding a defendant's request for a stay of discovery pending a ruling on a dispositive motion, "it is necessary for the court to 'take a preliminary peek' at the merits of the [dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652-53. When evaluating whether a motion to dismiss is "clearly meritorious," courts consider whether "any binding Eleventh Circuit authority" clearly requires dismissal of the claims. *See Meyer v. Diversified Consultants, Inc.*, Case No. 3:14-cv-393-J-34JBT, 2014 WL 5471114, at *2 (M.D. Fla. Oct. 29, 2014).

The court concludes that the balance tips in favor of requiring discovery to go forward. Accordingly, FCA's Motion to Stay Discovery (Doc. 25) is **DENIED**.

**ORDERED** in Tampa, Florida on March 9, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

2